UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAMIR AZIZI,

        Plaintiff,

    v.

UNITED STATES OF AMERICA,

        Defendant.

Case No. 14-cv-04468-JD

**ORDER TO SHOW CAUSE**

Re: Dkt. No. 1

Petitioner Samir Azizi is being held pending an extradition hearing before Magistrate Judge Howard R. Lloyd, currently scheduled for November 21, 2014, in connection with an extradition request from Germany. He has filed a habeas petition challenging his provisional arrest. The Court orders the United States Attorney for the Northern District of California, as respondent, to show cause why a writ of habeas corpus should not be granted.[1]

**I. DISCUSSION**

    **A. Standard of Review**

"Extradition from the United States is a diplomatic process" that is initiated when a foreign nation requests extradition of an individual from the State Department. *Prasoprat v. Benov*, 421 F.3d 1009, 1012 (9th Cir. 2005). If the State Department concludes that the request is within the scope of a treaty between the requesting nation and the United States, a United States Attorney

---

[1] The Court notes that the United States is likely not a proper respondent in this habeas case. A habeas petitioner is required to name the person exercising "immediate custody" over him or her as respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-36 (2004). Where the habeas challenge is to present physical confinement, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." *Id.* Azizi is therefore ordered to substitute the proper respondent consistent with this "immediate custodian" rule. But since this rule is not jurisdictional, *see id.* at 451 (Kennedy, J., concurring), the Court will in the meantime direct this order to show cause to the U.S. Attorney. *Cf.* United States' Opposition to Petition for Writ of Habeas Corpus, No. 11-cv-0988-LHK (N.D. Cal. Mar. 15, 2011), ECF No. 10 (responding to habeas petition challenging extradition proceedings).

"files a complaint in federal district court seeking an arrest warrant" for the individual sought for extradition. *Id.* (internal quotations omitted). A judge or magistrate judge must then hold an extradition hearing pursuant to 18 U.S.C. § 3184 to determine if the evidence is sufficient to sustain the charge of extradition under the relevant treaty. *Id.* If the judge or magistrate judge concludes that "the crime is extraditable," and that "there is probable cause to sustain the charge," the judge or magistrate judge must certify the extradition. *Id.*

A decision to certify a person as extraditable under 18 U.S.C. § 3184 is not subject to direct appeal but may be challenged collaterally through habeas corpus review. *Id.* at 1013. A prior order in the underlying extradition proceeding directed Azizi to present this challenge as a habeas petition, despite the fact that the order he is challenging relates to the lawfulness of his provisional arrest rather than the appropriateness of his extradition. *See* Order re: Writ of Habeas Corpus, *In re Extradition of Samir Azizi*, No. 14-xr-90282, ECF No. 45 (N.D. Cal. Oct. 3, 2014); *see also Andersen v. Smith*, No. 11-cv-2667, 2011 WL 3269419, at *2 (S.D. Tex. Jul. 29, 2011) (involving habeas challenge to provisional arrest). The district court's habeas review of a section 3184 extradition proceeding is limited to whether: (1) the extradition court had jurisdiction to conduct the proceeding and jurisdiction over the individual sought; (2) the extradition treaty was in force and the crime fell within the treaty's terms; (3) there was probable cause that the individual committed the crime; and (4) the crime fell within the political offense exception. *Prasoprat*, 421 F.3d at 1013.

**B. Petitioner's Claims**

Azizi challenges his provisional arrest, which was made pursuant to the extradition treaty between the U.S. and Germany. *See* Treaty Between the United States of America and the Federal Republic of Germany Concerning Extradition, U.S.-Ger., art. 16(4), June 20, 1978, 32 U.S.T. 1485 [hereinafter U.S.-German Extradition Treaty]; Dkt. No. 1 at 3. Under the treaty,

> [p]rovisional arrest shall be terminated if, within a period of 40 days after the apprehension of the person sought, the Requested State has not received the request for extradition and the documents mentioned in Article 14. This period may be extended, upon the Requesting State's application, for up to an additional 20 days after the apprehension of the person sought.

U.S.-German Extradition Treaty art. 16(4).  According to Azizi, the German government requested that his provisional arrest be extended by 20 days through a diplomatic note sent to the U.S. State Department.  Dkt. No. 1 at 3.  Azizi claims that the request to detain him and to extend his provisional arrest by 20 days violates the separation of powers doctrine and the Fourth Amendment.  *Id.* at 4-7.

## II. CONCLUSION

The Clerk will serve by mail a copy of this order and Azizi's petition (Dkt. No. 1) on the U.S. Attorney for the Northern District of California.  The Clerk will also serve a copy of this order on Azizi.

Respondent will file with the Court and serve on Azizi, within 21 days of the date this order is filed, an answer showing cause why a writ of habeas corpus should not be granted.

If Azizi wishes to respond to the answer, he may do so by filing a traverse with the Court and serving it on respondent within fourteen days of the date the answer is filed.

Respondent may file a motion to dismiss on procedural grounds in lieu of an answer.  If respondent files such a motion, Azizi will file with the Court and serve on respondent an opposition or statement of non-opposition within fourteen days of the date the motion is filed, and respondent will file with the Court and serve on Azizi a reply within seven days of the date any opposition is filed.

It is Azizi's responsibility to prosecute this case.  Azizi is reminded that communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Azizi must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

Dated: October 10, 2014

_____
JAMES DONATO
United States District Judge